## ACME, PALMERS & DE MOOY FOUNDRY CO. v. WEISS, Former Collector of Internal Revenue.

District Court, N. D. Ohio, E. D. January 31, 1927.

No. 13850.

Internal revenue ⊂⇒7(19)—Foundry held not to sustain loss of good will, authorizing deduction in determination of taxable income, by sale of capital assets; "good will."

Foundry company *held* not to have sustained loss of good will by sale of capital assets, so as to be entitled to deduction in determining taxable income, since little, if any, of its good will was due to location; "good will" being benefit acquired by establishment in consequence of general public patronage from constant or habitual customers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Will.]

At Law. Action by the Acme, Palmers & De Mooy Foundry Company against Harry H. Weiss, former Collector of Internal Revenue. Judgment for defendant.

Frankel, Brunenkant & Frankel, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendant.

JONES, District Judge. This is a suit to recover $19,965.45 of income taxes paid for the taxable year 1920. Application for refund, made to the Commissioner of Internal Revenue, was denied. This case was tried to the court without the intervention of a jury.

Plaintiff corporation was organized under the laws of Ohio in July, 1919, with a capital stock of $400,000, for the purpose of acquiring, through exchange of stock, two existing corporations—the Palmers & De Mooy Foundry Company, having an authorized capital stock of $100,000, and the Acme Foundry Company, with an authorized capital stock of $150,000. The plant of the former corporation was located for a great number of years on what has been called "the Flats" in the city of Cleveland, and engaged in the manufacture of special gray iron castings and in the repair of castings; the latter company's plant was located in Cleveland, and engaged in the manufacture of gray iron castings. The stock in these two companies was all transferred to this plaintiff, and it became thereafter the owner of both properties.

A certificate of convenience and necessity was shortly thereafter issued for the construction of a terminal building at the Public Square, in Cleveland. The plant and property of the Palmers & De Mooy Foundry Company was located on lands necessary to be acquired for the purpose of constructing the terminal building. A contract of sale was consummated without resort to condemnation proceedings, whereby the land, leaseholds, buildings, machinery, and equipment of the Palmers & De Mooy Foundry Company were sold to the Van Sweringens as of January 1, 1920, for $91,600. As modified by the Board of Tax Appeals, the Commissioner of Internal Revenue computed and determined a net taxable profit on this sale

in the sum of $25,180.61. The taxpayer contends that neither the Commissioner nor the Board of Tax Appeals took any account of the loss of good will sustained as the result of the sale of its property for the terminal construction, which, if allowed, would reflect a net taxable loss in excess of $60,000.

The only question here is whether this taxpayer sustained a loss of good will as the result of the sale of the capital assets of the Palmers & De Mooy Foundry Company, as to which it is entitled to a deduction in the determination of its net taxable income for the taxable year 1920. A summary of accepted definitions and judicially determined meanings would seem to construe good will as "the advantage or benefit which is acquired by an establishment, beyond the mere value of the capital stocks, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices." Bouvier's Law Dictionary, Third Revision, volume 2, page 1360.

In so far as location may be included and considered as an element of good will, it would seem to me that it should relate to accessibility to customers and general public patronage, rather than to any consideration of economic production. Upon that basis, there is no evidence here that location of the plant of the Palmers & De Mooy Foundry Company in some other part of the city of Cleveland would impair or destroy the continuation and improvement of its business; the name remaining the same. There was nothing about the location of the plant in "the Flats" that made and held its good standing and reputation with the trade. Its standing and advantage with customers, old and in prospect, had no relation to its location. It can be conceived how, with a particular character of business, location might be an element of good will, as, for instance, a cigar store on a particular corner, street, or building, or, in fact, in the case of most retail businesses, whose advantage, standing, and reputation were partially created and dependent upon accessibility to customers and the trading public.

Whatever good will the Palmers & De Mooy Foundry Company had built up in the years of its operation still largely remained and inured to the benefit of this taxpayer in the retention of the name "the Palmers & De Mooy Foundry Company." If any part of good will could be held to have attached to the tangible assets and location of the plant, the loss of it was reflected in the compromise payment for the whole property under the sale of January 1, 1920, Appeal of Acme, Palmers & De Mooy Foundry Co.; 3 United States Board of Tax Appeals Reports, page 1128; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, at page 633.

Judgment may be entered for the defendant and for costs.